IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WAYNE MULLER ) | |
| ) | |
| ) | Case No. 4:15-cv-00882-FJG |
| Plaintiff, ) | |
| ) | |
| vs ) | |
| ) | |
| MIDLAND FUNDING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, by and through counsel, files this Response in Opposition to Defendants' Motion for Judgment on the Pleadings.

## I.     Introduction

Defendants' Motion for Judgment on the Pleadings seeks to dismiss Plaintiff's Complaint as Defendants allege there is no actionable claim stated in Plaintiff's Complaint. Plaintiff filed its complaint against Defendants alleging that Defendants mischaracterized the amount of the debt after receiving three collection letters. The first collection letter stated a balance of $4,969.94. Doc. 1-1 ¶¶ 13, 16. The second collection letter stated a balance of $4,968.64. Doc. 1-1 ¶¶ 17, 20. The third collection letter stated a balance of $4,967.34. Doc. 1-1 ¶¶ 25, 28. Plaintiff was confused as to why the balance on the account was descending in the absence of a payment. Because an account balance cannot decrease in the absence of a payment, Defendants have clearly mischaracterized the amount of the debt, which is a violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendants cleverly attempt to manipulate Plaintiff's argument by alleging that the first collection letter, which conveyed the highest balance, was the

accurate amount due on the account and that the second and third collection letters merely <u>understated</u> the amount of the debt by a <u>fraction of one percent</u>.  Doc. 16, at 1.  However, this presumes that the balance on the first collection was correct.  At this stage in the litigation the exact balance of the account has not been determined.  All that is known is that Defendants have mischaracterized the amount of the debt on several collection letters.  This is not surprising given that Defendants recently entered into a consent order with the Consumer Financial Protection Bureau admitting to purchasing tens-of-thousands accounts with "approximate balances" and "overstated interest rates." At the current stage in litigation neither the Plaintiff nor Defendants have any idea whether any one of the three amounts claimed due on the collection letters is the correct balance. It has not been established whether the amounts claimed due were overstated or understated.  As more fully described in this Memorandum, the facts as set forth in the Plaintiff's Complaint are clearly in favor of the Plaintiff.

The Defendants' Motion for Judgment on the Pleadings contains several reasons as the basis for dismissal and these reasons will be refuted in below.

## II.    Statement of Facts

The facts in this case, as set forth in Plaintiff's Complaint are straightforward.  On January 15, 2015, Defendant sent the Plaintiff a collection letter stating that $4,969.94 is due. Doc. 1-1 ¶¶ 13, 16.  On May 20, 2015, Defendant sent Plaintiff another dunning letter in an attempt to collect $4,968.64 on the same account.  Doc. 1-1 ¶¶ 17, 20.  On August 11, 2015, the Defendant sent Plaintiff another dunning letter in an attempt to collect $4,967.34 on the same account Doc. 1-1 ¶¶ 25, 28.  During this time period Plaintiff did not make any payments on the account. Doc. 1-1 ¶¶ 21, 29.  The varying account balance in each of the three collection letters led to the present lawsuit.

### III. Standard of Review

### A. Motions for Judgment on the Pleadings are viewed under the same standard as Rule 12(b)(6) Motions

"Judgment on the pleadings is not properly granted unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). The Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Id.* The Defendants' Motion for Judgment on the Pleadings under Fed. R. Civ. Pro. 12(c) is governed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Plaintiff's Complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). On a motion to dismiss, the complaint is to be viewed in the light most favorable to the plaintiff, all well-pleaded factual allegations taken as true, and for all reasonably-drawn inferences to be in favor of the plaintiff. *Little Gem Life Sciences, LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 917 (8th Cir. 2008) (quoting *Davenport v. Farmers Insurance Group*, 378 F.3d 839, 842 (8th Cir. 2004). The Federal Rules impose only a notice-pleading requirement for complaints. Therefore, "as long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). In sum, a Rule 12(b)(6) motion must not be granted when the plaintiff alleges a set of facts, taken as true, and all reasonable inferences, which state a claim that is plausible on its face.

### B. Courts are to Give Broad Interpretation to the FDCPA

"The purpose of the [Fair Debt Collection Practices Act] is to 'eliminate abusive debt collection practices by debt collectors,'" and to protect consumers from those practices. *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. § 1692k(a) (2012)); *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 954 (8th Cir. 2006). To achieve this protective purpose, "FDCPA claims are viewed from the 'the unsophisticated consumer.'" *VanHorn v. Genpact Services, LLC*, No. 09-1047-CV-S-GAF, 2011 WL 4565477, at *2 (Mo. W.D. 2011) (quoting *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The FDCPA is a broad statute that prohibits unfair, harassing and unconscionable debt collection practices. *Peters*, 277 F.3d 1054-55. The FDCPA protects consumers by imposing civil liability on debt collectors who use prohibited tactics in debt collection. *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 817 (8th Cir. 2012). Since the FDCPA is designed to protect consumers, courts construe it liberally in favor of the consumers it was designed to protect. *See e.g.*, *Hatfield v. AIH Receivable Management Services, Inc.*, No. 11-1004-CV-W-SOW, 2013 WL 4761047, at *2, (W.D. Mo. 2013) ("The FDCPA is a strict liability statute, which must be construed liberally in the consumer's favor.); *Weast v. Rockport Financial, LLC*, No. 4:15CV00336 AGF, 2015 WL 4427281, *2 (E.D. Mo. 2015) (same) (citing *Picht v. Jon R. Hawks, Ltd.*, 77 F.Supp. 2d 1041, 1043 (D.Minn. 1999) *affirmed* 236 F.3d 446 (8th Cir. 2001)).

### C. The "Unsophisticated Consumer" Standard

The United States Court of Appeals for the Eighth Circuit has established the standard by which violations of the FDCPA are analyzed, i.e., from the view of the "unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). The unsophisticated consumer standard is one with an "objective element of reasonableness" and is "designed to

4

protect consumers of below average sophistication or intelligence." *Peters* 277 F.3d at 1055.
Thus, in evaluating claims for violations of the FDCPA, the Court must view Defendants' conduct through the eyes of the unsophisticated consumer. *Duffy*, 215 F.3d at 873.

IV. Argument

A. The Plain Language of the FDCPA

The principle provision of the FDCPA at issue in this case deals with misrepresentations and reads:

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. **Without limiting the general application of the foregoing**, the following conduct is a violation of this section . . . **[t]he false representation of – [] the character, amount, or legal status of any debt**. . . ." 15 U.S.C. § 1692e(2)(A) (emphasis added).

When interpreting a statute, "a court should always turn first to one, cardinal cannon before all others . . . courts must presume that a legislature says in a statute what it means and means in a statute what it says there . . . [w]hen the words of a statute are unambiguous, then, this first cannon is also the last: 'judicial inquire is complete.'" *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (*quoting Rubin v. United States*, 449 U.S. 424, 430 (1981)). The Defendants are required to accurately state the amount owed in every communication involving the debt they are collecting. Here, Defendants have clearly violated this provision on several of the collection letters they sent to Plaintiff. All of the alleged amounts cannot be correct. At this stage in the litigation it is uncertain to what degree Defendants have misstated the amount. It could be a few dollars or it could be a few hundred dollars, we just do not know. This is why Section 1692e is so unambiguous that misstating the amount of the debt is a violation of the FDCPA. If a debt collector is allowed to overstate the account balance –

even by a few dollars – what would stop them from doing that on the millions of accounts they collect? This could set a dangerous precedent and lead to a slippery slope harming consumers.

## B. Defendants' Collection Letter Violates the FDCPA

When a debt collector attempts to collect a debt, it must state the correct amount of the debt. 15 U.S.C. § 1692e(2)(A). A debt collector demanding the incorrect amount in a collection letter violates the FDCPA. *See Hepsen v. Resurgent Capital Services, L.P.*, 383 Fed. Appx. 877, 881 (11th Cir. 2010)(holding the difference between the amount demanded by the collector and the ***lower amount later demanded*** by Resurgent on behalf of the creditor, LVNV, supported a reasonable inference that the collector's demand was inaccurate) (emphasis added); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 874 (7th Cir. 2000) (a debt collector must state the exact and correct amount of the debt in its dunning letter); *Maxwell v. Fairbanks Capital Corp.*, 281 B.R. 101, 119 (Bankr. D. Mass. 2002) (holding if a debt collector demands an incorrect amount of money in a collection letter, it makes a false and misleading representation in violation of § 1692e(2)(A)).

*Hepsen* is an Eleventh Circuit decision that has facts similar to the present case. *Hepsen*, 383 Fed. Appx. 877. The court held the difference between the amount demanded by the debt collector in its first letter, which was a higher balance than the amount demanded in the second collection letter, supported a reasonable inference that the demand was inaccurate. *Id.* at 881 (emphasis added). On a motion for summary judgment, the court in *Hepsen* found that the debt collector had not shown that it stated the proper amount due in either of its collection letters. *Id.* Similarly, Defendants cannot establish that the correct balance was stated in any of the collection letters sent to Plaintiff. As a result, Plaintiff needs discovery to determine the actual balance of

the account.  Determining the actual balance may be impossible because it appears Defendants' records cannot be relied upon.

### C.  A confusing letter is sufficient to survive a Rule 12(b)(6) motion

Courts have held that when a complaint, "alleges that a dunning letter is confusing . . . the plaintiff has stated a recognizable claim; no more is necessary to survive a Rule 12(b)(6) motion. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 323, at 326 (7th Cir. 2006) ("[A] FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing.")).  Here, the three dunning letters are clearly confusing because each letter states a descending balance – in the absence of a payment.  It is currently unknown if any of the three balances are the correct amount.  This, of course, is confusing to even a sophisticated consumer, and would certainty be confusing – as well as misleading and false for purposes of Section 1692e – to the unsophisticated consumer.

Defendants go on to state that Plaintiff asserts that Defendants violated the FDCPA by understating the account balance on the second and third collection letters.  Doc. 16, p. 2-3.  This is factually inaccurate, as Plaintiff never once mentioned in his Complaint anything regarding Defendants properly stating the account balance in the first collection letter.  Courts in the Eighth Circuit have consistently held that for the purpose of the motion to dismiss, the facts in the complaint are accepted as true and draw all reasonable inferences in favor of the nonmoving party.  *Ashley Cty, Ark. V. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Little Gem Life Sciences, LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 917 (8th Cir. 2008).  Defendants are therefore adding new facts that are not in Plaintiff's Complaint, which under the standard for a 12(b)(6) motion should be discounted.

Defendants demanded an incorrect amount in their collection letters sent to Plaintiff because an account balance cannot decrease in the absence of payment. As a result, Plaintiff has stated a plausible claim for relief.

### D. Defendants Make Much of Their Argument About the Amount Being Immaterial

Defendants cite a string of cases that attempt to support its position alleging the incorrect amount of the debt on three separate collection letters is immaterial. See *Jensen v. Pressler & Presser*, 791 F.3d 413, 418, 421 (3d Cir. 2015); *DiMatteo v. Sweeney, Gallo, Reich & Golz, L.L.P.*, 619 F. App'x 7, 11 n.3 (2d Cir. 2015); *Powell v. Palisades Acquistion XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *Maynard v. Cannon*, 401 F. App'x 389, 397 (10th Cir. 2010); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Smyth v. Merchants Credit Corp.*, No. 2:12-CV-00130-MJP, 2012 WL 2343031, at *3-4 (W.D. Wash. June 19, 2012). However, the collection letters in those cases are all factually distinguishable and relate to "mere technical falsehoods that mislead no one", rather than the amount of debt owed. *See generally Donohue*, 592 F.3d at 1011; *Jensen*, 791 F.3d at 417; *Smyth*, 2012 WL 2343031, at *3-4.

With the exception of *Haney*, not one of the cases cited by Defendants states that misstating an account balance is immaterial. *Haney* is factually distinguished from the present case. In *Haney*, the court had determined the actual balance of the account and found that understating the account balance was immaterial. *Haney*, 2015 WL 1457216, *6. The *Haney* Court was able to determine that the debt collector ceased charging interest, which is why the account balance decreased. *Id.* Here it is uncertain what the account balance truly is. Contrary to Defendants argument, Plaintiff has not conceded that the amount claimed due in the first

8
Case 4:15-cv-00882-FJG   Document 17   Filed 02/11/16   Page 8 of 13

collection letter is the proper amount and the next two understate the account balance. Further, it is uncertain what amount Defendants are entitled to collect.

Defendants rely on *Powell* stating that, "statements are material only if they are important in the sense that they could objectively affect the least sophisticated consumer's decision making. *Powell,* 782 F.3d at 126. Further, Defendants rely on dicta from *Powell*, "a de minimis misstatement of the total amount owed might not be actionable." *Id.* at 127. While that is an accurate and succinct summation, the quote, as used by the Defendants, glosses over the fact that the court did not decide that issue and ultimately ruled for the consumer because the debt collector misstated the balance. *Id.* at 128. The account balance is a material statement. Here, the three dunning letters are clearly confusing because each letter states a descending balance – in the absence of a payment. It is currently unknown if any of the three balances are the correct amount. This, of course, is confusing to even a sophisticated consumer, and would certainty be confusing – as well as misleading and false for purposes of Section 1692e – to the unsophisticated consumer.

Further, Defendants allege, "materiality is a question of law for the court to decide." Doc. 16, p. 3 (*quoting Smyth v. Merchants Credit Corp.*, No. 2:12-CV-00130-MJP, 2012 WL 2343031, at *3-4 (W.D. Wash. June 19, 2012). This statement is only half correct because circuits are split on the issue. For example, the Sixth Circuit Court of Appeals has found that "materiality is a mixed question of law and fact" and often the issue of whether a letter is misleading raises a question of fact. *Gillie v. Law Office of Eric A. Jones, LLC*, 785 F.3d 1091, 1108 (6th Cir. 2015); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397 (6th Cir. 2015).

"A technical falsity that does deceive or mislead will not be material and, therefore, will not be actionable." *Washington v. Roosen, Varchetti & Oliver, PPLC,* 894 F. Supp. 2d 1015,

9

1023 (W.D. Mich. 2012) (*quoting Hahn*, 557 F.3d at 757).  Further, courts have found that it is not necessary to itemize the debt in each communication, but must provide "a clear and accurate statement of the total amount due."  *Goodrick v. Cavalry Portfolio Serv., LLC*, No. 12-1822, 2013 WL 4419321, *4 (D. Ariz. Aug. 19, 2013).

The cases relied on by Defendants all hinge on a "technical falsity."  Those courts stated that mislabeling an amount due as interest, when it was interest plus finance charges was not material because the correct amount of debt was stated.  *Donohue*, 592 F.3d at 1034.  Additionally, mislabeling a sum "interest" when it included only part interest, and labeling a sum "amount due" when it included both principal and interest was also found to be immaterial.  *Hahn*, 557 F.3d at 756-57.  The court in *Hahn* went on to state because the account balance was stated accurately, "A dollar due is a dollar due.  Applying an incorrect *rate* of interest would lead to a real injury. . . ."  *Id.* at 757 (emphasis in original).

Here, there is no language in the collection letters that leads to a "mere technicality."  Further, the facts of the current case are closer to the scenario described by Judge Easterbrook where a debt collector "applied an incorrect rate of interest."  Under that scenario the consumer is harmed because the incorrect rate of interest affects the proper amount due.  "A dollar due is a dollar due" does not apply in this case because Defendants have stated three separate amounts due, which is unlike the case in *Hahn,* where the correct amount of debt was listed.  *Hahn*, 557 F.3d at 756.  It has not been established that Defendants are understating the account balance.  It is likely that the Defendants have overstated the account balance by misapplying the interest rate in the current case.

If this Court were to find that misstating the account balance by only a couple dollars is immaterial, what would stop a debt collector from tacking on a few extra dollars to each collection letter?

### E. Defendants' Records Cannot Be Relied Upon

On September 9, 2015, The Consumer Financial Protection Bureau ("CFPB") entered into a consent order with Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively "Midland"), regarding its purchase of charged-off debts and illegal debt collection tactics. *Encore Capital Group, Inc. et al*, 2015-CFPB-0022, 1 (2015). Midland agreed to pay up to $42 million in refunds and stop collecting on $125 million in debt. *Id.* at 46. Additionally, Midland will pay a $10 million penalty. *Id.* at 54.

The CFPB specifically found that the purchase agreements that Defendants enter into with debt sellers typically contains limited information regarding the accuracy and validity of the accounts they purchase. *Id.* at 7. Further, Defendants purchased debts they knew or should have known contained inaccuracies, yet they continued to purchase debts from companies without obtaining important documents and information, or checking to make sure the debts were accurate. *Id.* "For example, a purchase agreement between Midland Funding and one large credit card issuer informed [Midland] that the account balance for over **35,000 individual accounts** being sold in that transaction *was an approximation*:"

> Current balance means that approximate unpaid balance. [Midland Funding] acknowledges that the figure provided as the current balance for any loan may include interest, accrued or unaccrued, costs, fees, and expenses, and it is possible that the figure provided as the current balance for any loan may not reflect credits for payments made by or on behalf of any obligor prior to the cutoff date.

*Id.* (emphasis added). Additionally, the original creditors generally did not inform Midland which accounts contain an approximate balance. *Id.* at 8. In numerous occasions, the original

creditors provided Midland inaccurate information as to the *amount of the debt, overstated interest rates, and other material information about the debt*. *Id.* at 8 p. 30 (emphasis added). Undeterred, Midland continued purchasing accounts from these sellers. For example,

> [F]rom at least February 2010 to June 2013, one large credit card bank sold [Midland] over **_10,000_** individual Consumer accounts with data files containing **_overstated interest rates_**. To date, [Midland] has continued to purchase Debt from this bank, knowing that records from this bank have been inaccurate to the detriment of the borrowers, without reviewing any account level documentation to verify that the information being provided by this seller is accurate.

*Id.* at 8-9 (emphasis added). Further, Midland failed to inform consumers that these debts contained inaccurate information. *Id.* at 13.

Here, Plaintiff has not had the opportunity to engage in discovery to determine why his account balance on the three collection letters are descending in the absence of a payment. Is the reason for the inconsistent account balances due to Defendants not having adequate information? Is it because the account balance is an approximation? Is it because Plaintiff's account contains overstated interest rates? Given the fact that Defendants routinely overstate interest rates, it is plausible that Plaintiff's account contains overstated interest. If Defendants overstated the account in this case, are Defendants attempting to lower the amount to get to what they believe is the correct amount due? If so, Defendants have <u>overstated</u> the account. This is why discovery is necessary. In another debt buyer case that involved whether the debt buyer could charge interest, Judge Bough determined that it was premature to dismiss plaintiff's claim for failure to state a claim because "discovery is not complete." *Alexander v. AllianceOne Receivables Management, Inc.*, 4:14-CV-00880-SRB, slip op. at p. 8. Without the necessary discovery on the above-stated material facts, it is premature to claim that Plaintiff has failed to plausibly plead a cause of action, and therefore, Defendants' Motion should be denied.

## V.     Conclusion

Under Fed. R. Civ. P. 12(b)(6) a complaint need only allege facts sufficient on the face of the complaint to state a plausible claim.  As stated above, Plaintiff has stated a claim for relief.  Further, disputed material facts remain regarding whether the amounts sought in the three collection letters were legally collectable, or whether they contained uncollectable amounts in violation of the FDCPA.  This is fact-specific inquiry.  For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings.

Respectfully Submitted,

Date:  February 11, 2016

/s/ Ryan M. Callahan
Ryan M. Callahan, MO 62666
Callahan Law Firm
221 E. Gregory Blvd, Ste. A
Kansas City, MO 64114
(816) 822-4041
ryan@callahanlawkc.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2016, a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court, which will automatically notify counsel of record.

/s/ Ryan M. Callahan
Ryan M. Callahan #62666