**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| WAYNE P. MULLER, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>MIDLAND FUNDING, et al., )<br>      Defendants. ) | Case No. 15-0882-CV-W-FJG |

**ORDER**

Pending before the Court is Defendants Midland Funding, LLC and Midland Credit Management, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 15). The Motion is considered below.

**I.    Background**

Plaintiff filed this action in state court, and it was removed to federal court on November 10, 2015.  Plaintiff brings an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), regarding defendants' debt collection practices. Plaintiff alleges that defendants purchased a debt incurred by plaintiff, and on January 15, 2015, sent plaintiff a collection letter.  The January 15, 2015 letter conveyed a balance owed on the debt of $4,969.94.  On May 20, 2015, defendant sent a second collection letter, which conveyed a balance owed of $4,968.64.  Plaintiff alleges that the balance owed on the second letter cannot be correct, as he did not make any payments between January 2015 and May 2015.  Therefore, plaintiff alleges that "Either the credit information communicated by MCM to Plaintiff in January, 2015 . . . was false, or the credit information communicated by MCM to Plaintiff in May, 2015 . . . was false; both amounts cannot be correct."  See Complaint, Doc. No. 1-1, ¶¶ 9-22.

Plaintiff further alleges that on August 11, 2015, defendants sent a collection letter which conveyed that the balance on the debt was $4,967.34. Complaint, ¶¶ 25, 28. Again, plaintiff states that he made no payments on the debt in the interim, so either the August amount was incorrect, or the May amount was incorrect. See Complaint, ¶ 30. Plaintiff alleges that it is a violation of the FDCPA for a debt collector to make a false representation as to the character, amount, or legal status of a debt, and to communicate to a person credit information which is known or which should be known to be false. See Complaint, ¶ 23, citing 15 U.S.C. § 1692e.

Defendants filed a motion for judgment on the pleadings (Doc. No. 15). In their suggestions in support (Doc. No. 16), defendants indicate that plaintiff has alleged the defendants violated the FDCPA by sending collection letters understating the amount of his debt by a fraction of one percent, and such claims fail as a matter of law because such a minor discrepancy does not meet the materiality requirement of a 15 U.S.C. § 1692e claim. In response, plaintiff argues that the Court cannot determine materiality based on the pleadings, as the actual amount of plaintiff's debt is not known or pled.

**II.     Standard**

A party may file a Motion for the judgment on the pleadings "after the pleadings are closed--but early enough not to delay trial." Fed. R. Civ. P. 12(c). In determining whether to grant a motion for judgment on the pleadings the Court uses the same standard as for the motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Ashley Cnty, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. Ashcroft v.

Iqbal, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under Rule 12(c) of the Federal Rules of Civil Procedure, the court "accept[s] as true all factual allegations set out in the complaint" and "construe[s] the complaint in the light most favorable to the plaintiff[s] drawing all inferences in [their] favor." Pfizer, Inc., 552 F.3d at 665 (internal quotation marks and citations omitted). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Id.

The principle provision of the FDCPA at issue in this case deals with misrepresentations and reads:

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . [t]he false representation of – [ ] the character, amount, or legal status of any debt. . . ."

15 U.S.C. § 1692e(2)(A).

### III. Defendants' Motion for Judgment on the Pleadings (Doc. No. 15)

Defendants argue that the misstatement of the amount of plaintiff's debt is not material. Although the Eighth Circuit has not addressed whether misstatements under Section 1692e must be material, defendants note that all Circuit Courts that have addressed the issue of materiality have found that a false statement is not actionable under 15 U.S.C. § 1692e unless that statement is material. See DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P., 619 F. App'x 7, 11 n.3 (2d Cir. 2015); Jensen v. Pressler & Pressler, 791 F.3d 413, 418, 421 (3d Cir. 2015); Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126-27 (4th Cir. 2014); Miller v. Javitch, Block & Rathbone, 561

3

F.3d 588, 596 (6th Cir. 2009); Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34 (9th Cir. 2010); Maynard v. Cannon, 401 F. App'x 389, 397 (10th Cir. 2010). Defendants note that under this case law, statements are material only if they are "important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking." Powell, 782 F.3d at 126.

Defendants further note that in a case from the Eastern District of Missouri, the Court found that understatement of an account balance by 28% was not material under Section 1692e because the collection letter seeking a lesser amount than what was owed did not result in any harm to plaintiff. Haney v. Portfolio Recovery Associates, L.L.C., No. 4:14CV0720 TIA, 2015 WL 1457216, at *6 (E.D. Mo. Mar. 30, 2015) (granting defendant's motion for judgment on the pleadings). Defendants argue that here, where defendants' subsequent collection letter sought a balance due of a couple of dollars less than the original letter, could not have resulted in any harm to plaintiff, and therefore defendants are entitled to judgment as a matter of law.

Plaintiff responds that defendants' argument rests on the principle that the first collection letter sent to plaintiff, providing the highest balance due, was the accurate amount due on the account, and the second and third letters understated the amount due by a small fraction. However, plaintiff argues that his complaint should be read differently – that the decreasing balance over time means that at least two of the three collection letters were incorrect, and that possibly all three collection letters contained an incorrect amount. Plaintiff states that, at this stage of the litigation, the exact balance of the account has not been determined, and it would be premature to dismiss this case

while discovery is ongoing. Plaintiff distinguishes Haney by noting that the District Court in Haney was able to determine the actual balance of the debt owed; here, the true amount of the debt owed is not apparent from the pleadings. Additionally, Haney is the only case cited by defendants finding that the amount of debt represented in a collection letter was not material – the remaining cases found other representations to be immaterial (such as the amount of debt attributable to interest rather than principal, see, e.g., Hahn, 557 F.3d at 756-57). Furthermore, nearly all of the cases cited by defendants regarding materiality reach that issue on summary judgment – after a full record has been developed. Finally, plaintiff argues that defendants entered into a consent order with the Consumer Financial Protection Bureau ("CFPB") on September 9, 2015, in which the CFPB specifically found that purchase agreements that defendants entered into with debt sellers contained limited information regarding the accuracy and validity of the debts purchased. See Encore Capital Group, Inc. et al., 2015-CFPB-0022, at 7 (2015) (noting, for instance, that "a purchase agreement between Midland Funding and one large credit card issuer informed [Midland] that the account balance for over 35,000 individual accounts being sold in that transaction was an approximation"). Plaintiff, therefore, argues that it is unlikely that defendants' records can be relied upon.

In reply, defendants continue to argue that plaintiff has not alleged a material misrepresentation. Defendants argue that plaintiff's complaint alleges that the letters listed in the complaint provide three balances: $4,969.94 (Doc. 1-1 ¶ 13), $4,968.64 (Id. ¶ 17), and $4,967.34 (Id. ¶ 25). Defendants argue that plaintiff has alleged that either the first amount or the second amount was incorrect—not that both were incorrect. Id. ¶

22. Similarly, defendants note that plaintiff then alleged that either the second amount or the third amount was incorrect—again, not that both were incorrect. Id. ¶ 30. Defendants then argue that plaintiff is "bound" by the allegations in his complaint, so at least one of the letters contained an accurate balance, and at most the debt was overstated or understated by $2.60.

Upon consideration of the parties' arguments, the Court finds it to be premature to dismiss the complaint. Construing the complaint in the light most favorable to plaintiff, and drawing all inferences in his favor, the Court finds that the complaint supports a reasonable inference that all three amounts listed in the letters could be inaccurate. The Court has no idea what the accurate amount of plaintiff's debt is, and therefore cannot determine from the face of the complaint whether the amounts listed in the letters amount to material misrepresentations or not.

Therefore, for the foregoing reasons, defendants' motion is **DENIED.**

## IV. Conclusion

Accordingly, for the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (Doc. No. 15) is **DENIED**.

**IT IS SO ORDERED**.

Date:  May 26, 2016             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                United States District Judge